```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
PATRICIA G. MORRING,                    :
                                        :
                Plaintiff,              :
        -v-                             :
                                        :
ANDREW M. CUOMO, in his capacity as     :    13 Civ. 2279 (DLC)
Governor and Head of the Executive      :
Department of the State of New York;    :    MEMORANDUM OPINION &
NEW YORK STATE DIVISION OF HOUSING AND  :         ORDER
COMMUNITY RENEWAL (DHCR); DARYL C.      :
TOWNS, in his capacity as Commissioner  :
of DHCR; GERALD M. BURKE, in his        :
capacity as Director of Resources       :
Management of DHCR; KATHELEEN           :
MALINOSKI, Director of Personnel of     :
DHCR; SARAH MCCRAY; MICHAEL ROSENBLATT, :
Unit Head of one of the Rent            :
Administration Units of the DHCR; and   :
DISTRICT COUNCIL (DC) 37, AFSCME, AFL-  :
CIO,                                    :
                Defendants.             :
                                        :
----------------------------------------X
```

APPEARANCES:

For plaintiff:

Edward A. Roberts
Law Office of Edward A. Roberts
3009 Glenwood Road, 2nd Floor
Brooklyn, NY 11210

For defendants Governor Andrew M. Cuomo, the New York State Division of Housing and Community Renewal, Commissioner Darryl C. Towns, Gerald M. Burke, Kathleen Malinoski, Sarah McCray, and Michael Rosenblatt:

Michael Adam Berg
Office of the Attorney General, New York State
120 Broadway, 24th Floor
New York, NY 10271

DENISE COTE, District Judge:

Before the Court is a June 7, 2013, motion to dismiss filed by defendants Governor Andrew M. Cuomo, the New York State Division of Housing and Community Renewal, Commissioner Darryl C. Towns, Gerald M. Burke, Kathleen Malinoski, Sarah McCray, and Michael Rosenblatt (collectively, the "State Defendants").  For the following reasons, the motion is granted.

BACKGROUND

The complaint alleges that on March 25, 2009, plaintiff Patricia G. Morring, an employee of the New York State Division of Housing and Community Renewal, was summoned to a meeting with defendants McCray and Rosenblatt and was told that she "was a danger to her place of employment" and was being placed on immediate suspension.  A letter Morring received from defendant Malinoski dated March 25 explained that the suspension was due to a comment Morring had made that was "threatening in nature."  An April 1 letter from defendant Burke was more explicit; it explained that Morring's co-workers had reported hearing Morring say that she was "bringing in bullets and each bullet will have a name on it."  Morring was reinstated two weeks later and continues to work in the same post.  She was paid during her involuntary leave, her wages were not docked, and she was not required to use any sick days, personal days, or vacation days.

Morring filed her complaint on April 5, 2013, alleging violations of her rights under the First, Fourth, Fifth, Ninth, Thirteenth, and Fourteenth Amendments to the Constitution, as applied to the defendants through 42 U.S.C. §§ 1981, 1983, and 1988, as well as violations of the duty of fair representation on the part of defendant District Council 37, AFSCME, AFL-CIO ("the Union").

On May 6, the Union filed a motion to dismiss the complaint. Plaintiff failed to oppose the motion, or to request an extension of time in which to submit her opposition.  On June 10, the Court granted the Union's motion.

On June 7, the State Defendants filed their own motion to dismiss.  On June 11, the Court issued an Order directing plaintiff to either oppose the motion or file an amended complaint by June 28.  Plaintiff did neither, and on July 2, Chambers staff reached plaintiff's counsel by telephone and was told that plaintiff's opposition to the motion to dismiss would be filed that day.  To date, plaintiff has made no submission in response to the motion to dismiss, which is granted for the reasons that follow.

## DISCUSSION

I.  Eleventh Amendment Immunity

Under the Eleventh Amendment, "state governments may not be

sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogated [that immunity]." Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009) (citation omitted). This bar extends to suits against state agencies, branches of state government, and state officials sued in their official capacities. Id. at 366-67.

    The Eleventh Amendment therefore bars Morring's claims against the New York State Division of Housing and Community Renewal, which is unquestionably a branch of the state government, as well as Governor Cuomo, Commissioner Towns, Malinoski, and Burke, all of whom are explicitly sued in their official capacities for money damages. The only defendants who are not explicitly sued only in their official capacities are McCray and Rosenblatt.

II.  Failure to state a claim

    To state a claim under § 1981, a plaintiff must show (1) "that the defendant discriminated against him on the basis of race," (2) "that the discrimination was intentional," and (3) "that the discrimination was a 'substantial' or 'motivating' factor' for the defendant's actions." Tolbert v. Queens College, 242 F.3d 58, 69 (2d Cir. 2001) (citations omitted). Morring's complaint makes none of these allegations. While the complaint does state that Morring is an "African American female," it does not even allege that her suspension was in any way connected to

4

her race, or that her race was a substantial or motivating factor for the defendants' actions.

The complaint similarly fails to allege any other constitutional deprivation that would be actionable under § 1983. Plaintiff alleges that the defendants violated her due process and equal protection rights under the Fourteenth Amendment, her right to be "free from badges and indicia of slavery" under the Thirteenth Amendment, her right to free association under the First Amendment, and her Fourth Amendment right to be free from unreasonable searches and seizures.  Other than this laundry list of rights, plaintiff provides no explanation as to how the defendants' actions were unconstitutional.  Again, the complaint does not allege that Morring's treatment had anything to do with her race; indeed, her race is mentioned only once, in describing her as an African American female.  The complaint has thus utterly failed "to provide the grounds of [plaintiff's] entitlement to relief," which "requires more than labels." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).[1]

---

[1] The complaint does not mention Title VII, but to the extent it can be construed as advancing a Title VII claim, that claim also fails.  Plaintiff has not alleged any discrimination on the basis of her race.  See Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

CONCLUSION

The June 7, 2013 motion to dismiss is granted.  The Clerk of Court shall enter judgment for the defendants and close the case.

Dated:    New York, New York
          August 5, 2013

                                    _____
                                         DENISE COTE
                                    United States District Judge